

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2013

# In Re: Akilah Shabazz

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-1888

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"In Re: Akilah Shabazz " (2013). *2013 Decisions*. Paper 823.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/823

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

entered March 4, 2013, we directed the District Court to respond to Shabazz's allegations that it had unduly delayed sentencing him and ruling on his motion for release pending appeal. The District Court has responded, indicating that it had scheduled Shabazz's sentencing for May 2, 2013. The Government has also filed a response, noting that Shabazz was sentenced as scheduled on May 2, 2013, to an aggregate 90-month term of imprisonment. In its response, the Government provided a copy of the District Court's docket sheet, which indicates that Shabazz was indeed sentenced on May 2, 2013, and that judgment was entered against him on May 7, 2013. In addition, it appears from the docket that the District Court denied as moot Shabazz's motion for release pending appeal, and that Shabazz filed a notice of appeal from his judgment of conviction, which has been docketed in this Court at C.A. No. 13-2065.

The mandamus statute grants the federal courts power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired, and that his right to issuance of the writ is "clear and indisputable." See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992). Furthermore, a court may issue a writ of mandamus

2

entered May 3, 2013, the District Court scheduled sentencing for Shabazz on May 21, 2013. Thus, Shabazz will obtain the remedy he seeks concerning sentencing. We are confident that the District Court will rule on his motion for release pending appeal in due course. Accordingly, we will deny the petition.[1]

---

[1] Even if sentencing were not scheduled, we would still deny the mandamus petition. Mandamus is a "drastic remedy" available in extraordinary circumstances only. In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Mandamus may be warranted when a district court's delay in handling a case "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79. However, the delay complained of by Shabazz is not tantamount to a failure to exercise jurisdiction. Shabazz was found guilty on November 7, 2012. The presentence investigation report was filed on January 30, 2013. On January 28, 2013, Shabazz filed a motion for release pending appeal and on February 20, 2013, he filed objections to the presentence report. Because only two months have passed since Shabazz filed his objections to the presentence report and three months since the filing of his motion for release pending appeal, the delay "does not yet rise to the level of a denial of due process." Madden, 102 F.3d at 79 (denying a mandamus petition where the district court had not ruled on petitioner's motion in four months). See also United States v. Campisi, 583 F.2d 692 (3d Cir. 1978) (five month delay between guilty plea and sentence was not "unreasonable" within the meaning of Fed.R.Crim.P. 32(a)).